UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EMMANUEL JONES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:06CV00082 ERW |
| UNKNOWN WARDEN, | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Emmanuel Jones's petition for a writ of habeas corpus.[1] Jones states that said petition is brought pursuant to 28 U.S.C. § 451, *et seq.* (1940). In 1940, § 451, provided that the Supreme Court and the district courts shall have power to issue writs of habeas corpus. *See, e.g., Walker v. Johnston*, 312 U.S. 275, 284, 61 S.Ct. 574, 578 (1941). In its present form, § 451 provides definitions under Title 28, Judiciary and Judicial Procedure and, as such, does not provide petitioner with a cause of action. A Court may recharacterize a pro se litigant's action "to avoid an unnecessary dismissal" or "to create a better correspondence" between the substance of the action and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381-82, 124 S.Ct. 786,791-92 (2003) (citations omitted). Accordingly, the Court will consider Jones's petition under 28 U.S.C. § 2241 and 2255.

### Background

On January 6, 2000, a jury convicted petitioner of various firearms possession

---

[1] Pursuant to the Court's Order of February 6, 2006, petitioner paid the $5.00 filing fee to initiate a habeas corpus action on February 10, 2006.

offenses. On April 20, 2000, the Court entered judgment and sentenced Jones to a term of 192 months' imprisonment. *See United States v. Jones*, No. 4:98-cr-265-ERW (E.D. Mo.). The Eighth Circuit affirmed the Court's findings, on April 4, 2001, and issued its mandate on April 30, 2001. *See United States v. Jones*, 245 F.3d 990 (8th Cir. 2001). It appears from the Court's records that Jones did not seek further review of his conviction and sentence. Jones presently is incarcerated at the Federal Correctional Institution at Terre Haute, Indiana.

**The petition**

Jones argues that 1) the Court's review of the instant matter must be pursuant to 28 U.S.C. § 451, *et seq.*, because 28 U.S.C. §§ 2241 and 2255 "were never enacted into positive law, are unconstitutional on their face, and are null and void ab initio"; 2) the Court was without jurisdiction to convict and sentence him and that its judgment was void because of procedural defects of sufficient magnitude to constitute a due process violation; 3) he has committed no crime because Public Law 80-772 and 18 U.S.C. § 3231 are unconstitutional and void; 4) his trial counsel was ineffective; 5) the Court violated his rights under the Fifth and Sixth Amendments by sentencing him based on facts that were not found by a jury beyond a reasonable doubt; 6) his indictment and conviction are rendered void by the government's fraud, unclean hands, bad faith and violation of the principles of fair dealing; and 7) the Court violated the separation of powers doctrine and committed judicial fraud.

**Discussion**

**A.     Constitutionality of 28 U.S.C. §§ 2241 and 2255**

Jones asserts that 28 U.S.C. §§ 2241 and 2255 were not enacted into "positive law" and are unconstitutional on their face. However, the Supreme Court's discussion of the writ, its

application of these statutes and its acceptance of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") amendments to § 2255 refute Jones's assertions. *See Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 2340 (1996); *Dodd v. U.S.,* 125 S.Ct. 2478, 2481 (2005); *see also Lindh v. Murphy*, 96 F.3d 856, 868-69 (7th Cir. 1996) (*en banc*), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

> **B.** **Petition under 28 U.S.C. § 2241**

Jones seeks relief from his sentence on the grounds that his trial, conviction and sentencing were unconstitutional. Because Jones is challenging the constitutionality of his conviction and sentence, he may not proceed under 28 U.S.C. § 2241. The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that remedy by § 2255 motion is inadequate or ineffective. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because the one-year statute of limitations has expired or because a Court has denied a previously-filed § 2255 motion. *Id*. at 1077-78 (citations omitted). Accordingly, the Court will dismiss Jones's § 2241 petition for writ of habeas corpus.

> **C.** **Petition construed as a motion under 28 U.S.C. § 2255**

Even if the Court liberally construed the instant petition as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, the Court would be without jurisdiction to entertain it, because the motion is time-barred.

Title 28 U.S.C. § 2255 provides that a one-year period of limitations applies to § 2255 motions. The Supreme Court, in *Clay v. U. S.*, 537 U.S. 522, 123 S.Ct. 1072 (2003), considered the question of when a judgment becomes "final" for postconviction relief where a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction but does not petition

for a writ of certiorari from the Supreme Court. 537 U.S. at 524, 123 S.Ct. at 1074. A review of the instant motion indicates that it is time-barred under § 2255(1) and is subject to summary dismissal.

As noted above, Jones was convicted on January 6, 2000. On April 4, 2001, the Eighth Circuit Court of Appeals affirmed both his conviction and sentence. Jones did not petition for a writ of certiorari from the Supreme Court. Allowing ninety days after the appellate court's affirmation of the conviction and sentence, the sentence became final on July 3, 2001. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Accordingly, Jones had until July 3, 2002, in which to file his § 2255 motion. The instant motion, however, was not filed until January 17, 2006. It is, therefore, time-barred.

Furthermore, even if the period of limitations is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), Jones has not asserted any facts indicating that equitable tolling applies in this case. "[E]quitable tolling is appropriate: (1) if there are 'extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion, . . . or (2) if the government's conduct 'lulled' him into inaction through reliance on that conduct." *United States v. Hernandez,* ---F.3d---, 2006 WL 240507, *5 (8th Cir. 2006) (*citing Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (internal citation omitted). *Id.* Jones has asserted no "extraordinary circumstances" not attributable to his own actions, *see Flanders v. Graves*, 299 F.3d 974, 971 (8th Cir. 2002), nor has he alleged that he was lulled into inaction by government conduct. *See Hernandez*, 2006 WL 240507 at *5. Accordingly, the Court finds that the period of limitations is not subject to equitable tolling in the instant action.

Liberally construed, Jones's claim that the Court violated his rights under the Fifth and Sixth Amendments by sentencing him based on facts that were not found by a jury beyond a reasonable doubt appears to be an argument that his petition falls under § 2255(3). Title 28 U.S.C. § 2255(3) provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3).

Jones refers to three United States Supreme Court cases in his sentencing argument: *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Jones's argument that his petition falls under § 2255(3) is without merit because *Booker, Blakely* and *Apprendi* do not apply retroactively to cases on collateral review. *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001); *Teague v. Lane*, 489 U.S. 288 (1989). Because this matter was filed after the limitations period had run and is not subject to equitable tolling or to the exception set forth in § 2255(3), the Court will dismiss the instant petition, construed as a motion under § 2255, as time-barred.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's petition for a writ of habeas corpus be **DISMISSED**, without prejudice.

An appropriate order of dismissal will accompany this memorandum and order.

So Ordered this 17th Day of February, 2006.

_____
**E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE**